UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF BROCKTON RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>v.<br><br>AVON PRODUCTS, INC., ANDREA JUNG, CHARLES W. CRAMB, STEPHEN IBBOTSON, SIMON N.R. HARFORD, RICHARD S. FOGGIO, W. DON CORNWELL, EDWARD T. FOGARTY, FRED HASSAN, MARIA ELENA LAGOMASINO, ANN S. MOORE, PAUL S. PRESSLER, GARY M. RODKIN, PAULA STERN, LAWRENCE A. WEINBACH and V. ANN HAILEY,<br><br>  Defendants. | Civil Action No. 11 Civ. 4665 (PGG) |

**METROPOLITAN WATER RECLAMATION DISTRICT RETIREMENT FUND'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF COUNSEL**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

STATEMENT OF FACTS AND PROCEDURAL BACKGROUND........................................... 2

ARGUMENT............................................................................................................................ 4

I.     MET WATER SHOULD BE APPOINTED LEAD PLAINTIFF..................................... 4

A.     Met Water Has Made A Timely Lead Plaintiff Motion........................................ 4

B.     Met Water Constitutes The "Most Adequate Plaintiff"........................................ 4

        1.     Met Water Has Made A Motion for Lead Plaintiff.................................. 5

        2.     Met Water Has The "Largest Financial Interest" ...................................... 5

        3.     Met Water Satisfies Rule 23 ..................................................................... 6

                a.     Met Water Fulfills The Typicality Requirement ......................... 7

                b.     Met Water Fulfills The Adequacy Requirement......................... 7

II.     THE COURT SHOULD APPROVE MET WATER'S CHOICE OF COUNSEL ............ 8

CONCLUSION......................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) .................................................................................. 4, 6, 7

*Police & Fire Ret. Sys. of the City of Detroit v. SafeNet, Inc.*,
   Nos. 06 Civ. 5797 (PAC), 06 Civ. 6194 (PAC),
   2007 U.S. Dist. LEXIS 97959 (S.D.N.Y. Feb. 21, 2007) .......................................................... 5

**Statutes**

15 U.S.C. § 78u-4(a)(3) ........................................................................................................ 2

15 U.S.C. § 78u-4(a)(3)(A)(i) ............................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(i) ............................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ......................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................................... 8

**Other Authorities**

*Statement of Managers* – The "Private Securities Litigation Reform Act of 1995," 141 Cong.
   Rec. H13691-08, H.R. Conf. Rpt. No. 104-369, 104th Cong. 1st Sess. (Nov. 28, 1995). ......... 8

**Rules**

Federal Rule of Civil Procedure 23(a)(3) ......................................................................... 7

Federal Rule of Civil Procedure 23(a)(4) ......................................................................... 7

Movant the Metropolitan Water Reclamation District Retirement Fund ("Met Water" or the "Fund") respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. § 78u-4, for an order:  (a) appointing Met Water as Lead Plaintiff on behalf of a class of investors in Avon Products, Inc. ("Avon") common stock; and (b) approving Met Water's selection of Wolf Popper LLP ("Wolf Popper") to serve as Lead Counsel.[1]

## PRELIMINARY STATEMENT

This class action alleges that, during the class period of July 31, 2006 through May 24, 2011 (the "Class Period"), defendants' made false and misleading statements and/or omitted to disclose material facts concerning, among other things, Avon's alleged violations of the Foreign Corrupt Practices Act (the "FCPA"), 15 U.S.C. §§ 78dd-1, *et seq*.  The defendants' misstatements and omissions included statements that Avon's internal controls and accounting procedures were sufficient.  However, it is alleged that Avon and its employees engaged in widespread violations of the FCPA, including bribes paid to government officials in numerous foreign countries, including China, Brazil, Mexico, Argentina, India and Japan.  The defendants' misstatements and omissions were made in violation of Sections 10(b), 14(a) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a) and § 78n, and the rules and regulations of the United States Securities and Exchange Commission (the "SEC") promulgated thereunder, including Rule 10b-5 (17 C.F.R. § 240.10b-5) and Rule 14a-9 (17.C.F.R. § 240.14a-9).

---

[1] The Certification of Met Water is annexed as Exhibit A to the Declaration of James A. Harrod in Support of Met Water's Motion to Appoint Met Water Lead Plaintiff and Approve Lead Plaintiff's Choice of Counsel ("Harrod Declaration" or "Harrod Decl.").  As set forth in the schedule attached as Exhibit D to the Harrod Declaration, Met Water incurred a loss of $420,320.

In class actions filed under the foregoing provisions of the federal securities laws, the PSLRA requires that the court appoint as Lead Plaintiff the member or members of the class that have satisfied certain procedural prerequisites and also constitute the "most adequate representative(s)" of the prospective class.  15 U.S.C. § 78u-4(a)(3).  As discussed below, Met Water amply satisfies all of the PSLRA's criteria for selection as Lead Plaintiff and the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure.  Accordingly, Met Water should be appointed Lead Plaintiff.  Met Water also respectfully requests that the Court approve its selection of Lead Counsel, Wolf Popper, in accordance with the PSLRA.  Wolf Popper has extensive experience in securities class action litigation and is well-qualified to represent the interests of all Class members.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

This class action is brought pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of all persons who acquired Avon common stock from July 31, 2006 through and including May 24, 2011, and who were damaged thereby, and all Avon shareholders as of the close of business on March 17, 2011, March 17, 2010, March 18, 2009, March 14, 2008, or March 15, 2007 and therefore eligible to vote on the proxy statements issued by Avon (the "Class").

During the Class Period, defendants made false and misleading statements concerning Avon's required internal controls and accounting procedures.  On October 20, 2008, Avon first disclosed in a form 8-K filed with the SEC that it has been investigating possible violations of the FCPA in China since June 2008.  On April 13, 2010, The Wall Street Journal reported that Avon had suspended three employees in Asia and one in New York as a result of the FCPA investigation.  Ellen Byron, *Avon Suspends Four Executives Amid Bribery Probe*, Wall St. J., April 13, 2010.  As reported by The Wall Street Journal on May 4, 2011, the internal investigation has uncovered millions of dollars in potential FCPA violations in China and

numerous other countries, including Brazil, Mexico, Argentina, India and Japan.  Ellen Byron, *Avon Bribe Investigation Widens*, Wall St. J., May 4, 2011 (May 5, 2011 print edition, at B1).  The internal investigation is still ongoing and has led to the firing and/or suspension of at least four executives. On May 25, 2011, The Wall Street Journal reported that the prosecutors in the Complex Fraud Unit of United States Attorney's Office for the Southern District of New York were investigating possible FCPA violations and "seeking more information about the role employees at the company's New York headquarters, including some senior officials, may have played in possible violations."  Ellen Byron & Michael Rothfeld, *Feds Look at Avon Bribery Allegation*, Wall St. J., May 25, 2011, at B1.

  Despite the ongoing and expanding FCPA investigation and its findings, the Defendants made and/or certified false and misleading statements that Avon had effective internal controls.  However, Avon's internal controls were severely deficient and Avon continued to violate the FCPA.  More specifically, Avon made false and misleading statements by, amongst other statements and/or omissions, (1) misrepresenting Avon's internal controls; (2) failing to disclose Avon's internal controls were not properly designed or implemented in order to detect improper payments (*i.e.* bribes) under the FCPA; (3) failing to disclose that Avon was violating the FCPA; and (4) misrepresenting Avon's revenue and failing to disclose that the Company's revenue in China and other countries was dependent upon these illegal bribes.  Reports and information revealing defendants' fraud resulted in declines in Avon's common stock price during the Class Period.

  On July 6, 2011, the City of Brockton filed the complaint in this action.  On July 7, 2011, the PSLRA notice of filing of a securities class action was published.  (Harrod Decl. Ex. B.)  Lead plaintiff motions are due on September 6, 2011.

# ARGUMENT

## I. MET WATER SHOULD BE APPOINTED LEAD PLAINTIFF

### A. Met Water Has Made A Timely Lead Plaintiff Motion

The PSLRA sets forth certain procedural requirements that a person or group of persons seeking to serve as Lead Plaintiff must meet. The PSLRA states:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i); *see also Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011) (Buchwald, J.). Notice was published on July 7, 2011 and the sixty day motion period expired on September 5, 2011, a court holiday, making such motions due on September 6, 2011. Met Water timely filed its motion on September 6, 2011, and has therefore met the procedural requirements of the PSLRA.

### B. Met Water Constitutes The "Most Adequate Plaintiff"

The PSLRA also sets forth the procedure for moving for appointment as Lead Plaintiff, and the requirements a Court must evaluate when making its determination. The PSLRA provides

> Subject to subclause (II), for purposes of clause (i), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [subchapter] is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i); (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Foley*, 272 F.R.D. at 127. The PSLRA

> creates the rebuttable presumption that the most adequate plaintiff is one who has (1) filed a complaint or made a motion in response to a notice, (2) in the determination of the court, has the largest financial interest in the relief sought by the class, and (3) otherwise satisfies Rule 23 requirements with respect to adequacy and typicality.

*Police & Fire Ret. Sys. of the City of Detroit v. SafeNet, Inc.*, Nos. 06 Civ. 5797 (PAC), 06 Civ. 6194 (PAC), 2007 U.S. Dist. LEXIS 97959, at *4 (S.D.N.Y. Feb. 21, 2007) (Crotty, J). Under the PSRLA, such persons are referred to as the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

### 1. *Met Water Has Made A Motion for Lead Plaintiff*

Met Water has fulfilled the first prong of the most adequate plaintiff test by filing the instant motion for Lead Plaintiff. Met Water's Certification, attached as Exhibit A to the Harrod Declaration, attests to its willingness and capability to serve as a representative on behalf of the Class.

### 2. *Met Water Has The "Largest Financial Interest"*

The second prong of the most adequate plaintiff test requires the proposed Lead Plaintiff to have the "largest financial interest" in the relief sought by the Class.

> The PSLRA is not explicit as to the methodology courts are to use in determining which plaintiff has the largest financial interest in the relief sought by the class, and the Second Circuit has not definitively ruled on the proper method. While disputes remain as to the proper methodology, courts in this Circuit have applied a four factor test first set forth in *Lax v. First Merchants Acceptance Corp.*, Nos. 97 Civ. 2715 et al., 1997 U.S. Dist. LEXIS 11866, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). These factors include: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered.

*Foley*, 272 F.R.D. at 127-28 (citations omitted).  Courts in this district have placed "the most emphasis on the last of the four factors:  the approximate loss suffered by the movant." *Id.* at 128 (citations omitted).  "The PSLRA does not address which method of loss calculation should be employed, but courts in this district and others have stated a preference for LIFO [Last In First Out] over FIFO [First In First Out] in assessing loss for purposes of the appointment of lead plaintiff." *Id.*, at 129 (citations omitted).  The main advantage of LIFO over FIFO is that "'it takes into account gains that might have accrued to plaintiffs during the class period due to the inflation of the stock price.  FIFO ... may exaggerate losses.'" *Id.* at 129 (citations omitted).

As set forth in Exhibit D to the Harrod Declaration, Met Water purchased 93,489 shares of Avon common stock and sold 49,134 shares of Avon common stock during the Class Period, for a total of 44,355 net shares purchased during the Class Period.  Met Water expended a total of $1,625,808 net funds during the Class period on Avon Common Stock.  Met Water's total approximate loss during the Class period is $420,320 under LIFO.[2]

To Met Water's knowledge, as of the date of the filing of this motion, no plaintiff or other movant for lead plaintiff has a larger financial interest in Avon common stock.

### 3. Met Water Satisfies Rule 23

The PSLRA also requires that the proposed Lead Plaintiff "otherwise satisfy the requirements of Rule 23 of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Foley*, 272 F.R.D. at 131.  "[T]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination of lead plaintiff under the PSLRA.  Further, at this stage of the litigation, only a preliminary showing of typicality and adequacy is required." *Id.* (citations and quotations omitted).  As demonstrated by the Declaration of Susan A. Boutin, Met Water's

---

[2] Met Water had a zero balance as of the beginning of the Class Period and, as such, its loss under FIFO would be no different.

Executive Director (Harrod Decl. Ex. C), Met Water satisfies both the typicality and adequacy prongs of Rule 23, and thus should be appointed Lead Plaintiff.

      a.     Met Water Fulfills The Typicality Requirement

Federal Rule of Civil Procedure 23(a)(3)'s typicality requirement "is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." *Foley,* 272 F.R.D. at 131 (quotations and citation omitted).

Met Water seeks to represent a Class of persons who, *inter alia*, acquired Avon common stock from July 31, 2006 through and including May 24, 2011, and who were damaged thereby, and all Avon shareholders who were eligible to vote on the proxy statements issued by Avon during the Class Period. Met Water acquired Avon common stock during the Class Period and suffered losses as a result of those purchases. Met Water was damaged by the defendants' wrongful conduct and violations of Sections 10(b), 14(a) and 20(a) of the Exchange Act and Rules 10b-5 and 14a-9. To further its own interests, Met Water will necessarily have to advance the interests of all Class members. Met Water's claims are therefore typical of the claims of the Class.

      b.     Met Water Fulfills The Adequacy Requirement

Federal Rule of Civil Procedure 23(a)(4)'s adequacy requirement

> is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.

*Foley*, 272 F.R.D. at 131 (citations omitted). Met Water meets all of the requirements of Rule 23(a)(4).

Met Water's choice of counsel, Wolf Popper, has substantial experience and has been highly successful in prosecuting securities fraud class action litigations, as outlined in its firm

resume annexed as Exhibit E to the Harrod Declaration. The interests of the Class members are aligned with each other, as well as with Met Water, and those interests are not antagonistic to one another. Met Water and the Class members have the same interest: ensuring the maximum possible recovery from the defendants for investors in Avon common stock. Met Water has also already demonstrated its "sufficient interest in the outcome" of this action to "ensure vigorous advocacy": Met Water retained class counsel that is experienced in complex securities class litigation; and Met Water signed a Certification attesting to its willingness to assume the responsibilities of Class representative, and submitted a declaration from its Executive Director explaining the Fund's structure and interest in the litigation, attached to the Harrod Declaration as Exhibits A and C, respectively.

## II.   THE COURT SHOULD APPROVE MET WATER'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Consistent with congressional intent, a court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." *See Statement of Managers* – The "Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700, H.R. Conf. Rpt. No. 104-369, at 62, 104th Cong. 1st Sess. (Nov. 28, 1995).

Met Water has selected Wolf Popper to serve as Lead Counsel. As discussed above, Wolf Popper is experienced in complex securities class action litigation and will aggressively prosecute this action. Thus, the Court may be assured that by granting this motion, the members of the Class will receive the highest caliber legal representation available.

## **CONCLUSION**

For all of the foregoing reasons, Met Water respectfully requests that the Court grant its motion for appointment as Lead Plaintiff and that the counsel it has selected and retained should be approved as Lead Counsel for all Class members in connection with these proceedings.

Dated: September 6, 2011
New York, New York

Respectfully submitted,

**WOLF POPPER LLP**

By:   /s/ James A. Harrod
LESTER L. LEVY
JAMES A. HARROD
JOSHUA W. RUTHIZER
845 Third Avenue
New York, NY 10022
Tel.:   (212) 759-4600
Fax:   (212) 486-2093
llevy@wolfpopper.com
jharrod@wolfpopper.com
jruthizer@wolfpopper.com