UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
CITY OF BROCKTON RETIREMENT
SYSTEM, Individually and on Behalf of all Others
Similarly Situated,

                              Plaintiffs,

                    -vs-

AVON PRODUCTS, INC., ANDREA JUNG, and
CHARLES W. CRAMB,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Civil Action No. 11 Civ. 4665 (PGG)

**DEFENDANTS' NOTICE OF MOTION
TO DISMISS THE AMENDED COMPLAINT**

       PLEASE TAKE NOTICE that, upon Defendants' Memorandum of Law in Support of Motion to Dismiss the Amended Complaint (the "Memorandum of Law") and the Declaration of William J. Martin dated June 14, 2012, and exhibits thereto, defendants will move this Court before the Honorable Paul G. Gardephe, United States District Judge, at the United States Courthouse, 500 Pearl Street, New York, New York 10007, at a date and time to be determined by the Court, for an order, pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, dismissing plaintiffs' Amended Complaint (Docket No. 29) as to all defendants in its entirety and with prejudice and for such other and further relief as the Court deems appropriate.

       This motion to dismiss is made on behalf of all defendants on the following grounds, among others:

- Plaintiffs fail to allege particularized facts demonstrating a material misstatement or omission by defendants with respect to matters as to which defendants had a duty to disclose (*see* Points I.A and II.A of the accompanying Memorandum of Law);

- Plaintiffs fail to allege particularized facts that give rise to a strong inference that defendants acted with scienter (*see* Points I.B and II.B of the accompanying Memorandum of Law);

- The forward-looking statements plaintiffs allege to be materially false and misleading are not actionable (*see* Point I.C of the accompanying Memorandum of Law);

- Plaintiffs fail to allege loss causation by failing to plead facts showing that particular statements were "corrective disclosures" (*see* Point III of the accompanying Memorandum of Law);

- Assuming *arguendo* that the October 2008 statements were corrective disclosures, the applicable statute of limitations bars claims based on pre-July 6, 2009 statements (*see* Point IV of the accompanying Memorandum of Law); and

- Plaintiffs' Section 20(a) claim must be dismissed because plaintiffs' Section 10(a) claim fails (*see* Point V of the accompanying Memorandum of Law).

Attached to the Memorandum of Law is Appendix A that sets forth defendants' grounds for dismissal with respect to each paragraph of Section VII of the Amended Complaint (in which plaintiffs specify those statements that they allege to be materially false and misleading).

The Declaration of William J. Martin attaches Exhibits that the Court may properly consider on the Motion to Dismiss (*see* Memorandum of Law, p. 4 n. 1, and p.23 n.9), which are referred to in the Memorandum of Law in the form of "Ex. [ ]."

In accordance with the schedule ordered by the Court on January 3, 2012, plaintiffs' opposition papers are to be served and filed on August 14, 2012, and defendants' reply papers are to be served and filed on October 12, 2012.

- 3 -

        WACHTELL, LIPTON, ROSEN & KATZ

        By  /s/   Peter C. Hein
           Peter C. Hein (PH-5279)
           William J. Martin (WM-3347)
           51 West 52nd Street
           New York, New York  10019-6150
           Telephone:  (212) 403-1000
           Facsimile:  (212) 403-2000

*Attorneys for Defendants Avon Products, Inc., and Andrea Jung*

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

        By:   /s/   Reid M. Figel
           Reid M. Figel (RF-8663)
           Geoffrey S. Brounell (GB-3313)
           1615 M Street, NW, Suite 400
           Washington, DC  20036
           Telephone: (202) 326-7900
           Facsimile: (202) 326-7999

*Attorneys for Defendant Charles W. Cramb*

Dated:   New York, New York
           June 14, 2012