UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| CITY OF BROCKTON RETIREMENT SYSTEM, Individually and on Behalf of all Others Similarly Situated, : : : : | |
| Plaintiffs, : | Civil Action No. 11 Civ. 4665 (PGG) |
| -vs- : | |
| AVON PRODUCTS, INC., ANDREA JUNG, and CHARLES W. CRAMB, : : : | |
| Defendants. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of July 22, 2015 (the "Stipulation") is entered into between and among the following parties, by and through their respective undersigned counsel:   (i) LBBW Asset Management Investmentgesellschaft mbH ("LBBW") and SGSS Deutschland Kapitalanlagegesellschaft mbH ("SGSS") (collectively, "Lead Plaintiffs") and City of Brockton Retirement System ("CBRS"), Metropolitan Water Reclamation District Retirement Fund ("Met Water"), and Louisiana Municipal Police Employees' Retirement System ("LAMPERS") ("Named Plaintiffs" and, collectively with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Class (defined below); and (ii) Avon Products, Inc. ("Avon" or the "Company") and defendants Andrea Jung and Charles W. Cramb (the "Individual Defendants" and, together with Avon, the "Defendants").  This Stipulation embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and upon and subject to the terms and conditions provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, relinquish, waive, discharge and dismiss with prejudice, the Action and all claims asserted against

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

Defendants therein, and all Settled Claims (defined below) as against the Defendant Released Parties (defined below).

WHEREAS:

A.  On July 6, 2011, CBRS filed a Class Action Complaint asserting claims against Defendants and others for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

B.  On September 29, 2011, the Court so-ordered Plaintiffs' proposed stipulation appointing LBBW  and SGSS as Lead Plaintiffs for the proposed class and the law firm Motley Rice LLC as Lead Counsel, and appointing CBRS, Met Water, and LAMPERS as Named Plaintiffs, and the law firms Wolf Popper LLP and Berman DeValerio as the Plaintiffs' Executive Committee.

C.  On March 16, 2012, Plaintiffs filed and served their Amended Complaint for Violations of the Federal Securities Laws (the "Amended Complaint").  The Amended Complaint asserted claims against Avon and the Individual Defendants under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder and against the Individual Defendants under Section 20(a) of the Exchange Act, alleging, *inter alia*, that these defendants made, or controlled others who made, allegedly materially false and misleading statements and failed to disclose certain material facts regarding Avon's internal controls and accounting systems as required under the Foreign Corrupt Practices Act ("FCPA").  The Amended Complaint further alleged that these statements and omissions caused the price of Avon common stock to be artificially inflated.

D.  On June 14, 2012, Defendants served their motion to dismiss the Amended Complaint.  On August 13, 2012, Plaintiffs served their papers in opposition to the motion and, on October 12, 2012, Defendants filed and served their reply papers.  On September 29, 2014, the Court granted Defendants' motion, but also granted Plaintiffs leave to amend their complaint.

E.  On October 24, 2014, Plaintiffs filed and served their Second Amended Complaint for Violations of the Federal Securities Laws ("Second Amended Complaint").  On November 21, 2014, Defendants served their motion to dismiss the Second Amended Complaint.

On December 23, 2014, Plaintiffs served their papers in opposition to the motion and, on January 20, 2015, Defendants served their reply papers.

      F.      On April 24, 2015, the Parties participated in the first of two full-day mediation sessions before Hon. Layn R. Phillips, a former federal district court judge in the United States District Court for the Western District of Oklahoma.  In advance of that session, the parties exchanged mediation statements and exhibits, which addressed the issues of both liability and damages.

      G.      On May 21, 2015, the Parties participated in a second full-day mediation session. At the second session, Parties reached an agreement in principle to settle the Action for $62,000,000.  The Parties' agreement was memorialized in a term sheet (the "Term Sheet") executed on May 21, 2015.  The Term Sheet sets forth, among other things, the Parties' agreement to settle and release all claims asserted against Defendants in the Action in return for a cash payment of $62,000,000, to be paid by Avon (to the extent of any remaining retention left under Avon's applicable D&O policies) and the Insurers, subject to certain terms and conditions, including the execution of a formal, final stipulation of settlement and related papers.  The agreement to settle was further conditioned on Court approval of the Settlement, the consent of the Insurers and the approval of the Board of Directors of Avon.

      H.      This Stipulation (together with the exhibits hereto) has been duly executed by the undersigned signatories on behalf of their respective clients, and reflects the final and binding agreement between and among the Parties.

      I.      Based upon their investigation, prosecution and mediation of the case, Plaintiffs and Plaintiffs' Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiffs and other members of the Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial financial benefit that Plaintiffs and the other members of the Class will receive under the proposed

Settlement; (b) the significant risks of continued litigation and trial; and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

J.     This Stipulation constitutes a compromise of matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendant Released Parties (defined below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff, or any other of the Plaintiff Released Parties (defined below) of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.  Each of the Parties recognizes and acknowledges that the Action has been initiated, filed and prosecuted and defended in good faith, and that the Action is being voluntarily settled with the advice of counsel.

NOW THEREFORE, without any admission or concession on the part of Plaintiffs of any lack of merit in the Action, and without any admission or concession on the part of Defendants, or any other Defendant Released Party, of any liability or wrongdoing or lack of merit in the defenses asserted to the claims alleged in this Action, it is hereby STIPULATED AND AGREED, by and among the Parties, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the PSLRA, in consideration of the benefits flowing to the parties hereto from the Settlement, that all Settled Claims as against all Defendant Released Parties shall be fully, finally and forever compromised,

settled, released, resolved, relinquished, waived, discharged and dismissed with prejudice, in accordance with and subject to the terms and conditions set forth below.

## I. DEFINITIONS

1.      As used in this Stipulation the following terms have the meanings specified below.

(a)      "Action" means *City of Brockton Retirement System v. Avon Products, Inc. et al.*, Civil Action No. 11-4665 (PGG) (S.D.N.Y.).

(b)      "Authorized Claimant" means a Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(c)      "Avon" means Avon Products, Inc.

(d)      "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(e)      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit D, that a Claimant or Class Member must complete and submit should that Claimant or Class Member seek to share in a distribution of the Net Settlement Fund.

(f)      "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(g)      "Claims Administrator" means KCC Class Action Services, the firm retained by Lead Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members to administer the Settlement.

(h)      "Class" means all persons and entities who purchased or otherwise acquired any Avon common stock from July 31, 2006, through and including October 26, 2011 (the "Class Period"), and who were damaged as to any shares purchased or acquired during any

portion of the Class Period.  Excluded from the Class are:  (i) Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) Avon's subsidiaries and affiliates; (iv) any current or former officer or director of Avon or any current or former officer or director of any of Avon's current or former subsidiaries or affiliates that were incorporated in or whose principal place of business is or was located in China during the Class Period; (v) any entity in which any Defendant has a controlling interest; and (vi) the legal representatives, heirs, successors and assigns of any such excluded person or entity.  Nothing in this definition shall operate to exclude the Avon Personal Savings Account Plan (the "Plan") from the Class, and the Plan is not excluded from the Class.

(i)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)     "Class Member" means any and each person and entity who or which is a member of the Class.

(k)     "Class Period" means the period from July 31, 2006 through and including October 26, 2011.

(l)     "Complaint" or "Second Amended Complaint" means the Second Amended Complaint for Violations of the Federal Securities Laws filed by Plaintiffs on October 24, 2014.

(m)     "Court" means the United States District Court for the Southern District of New York.

(n)     "Defendants" means Avon and the Individual Defendants.

(o)     "Defendants' Counsel" means the undersigned counsel for Defendants.

(p)     "Defendant Released Parties" means any and all defendants named in any of the complaints filed in the Action and any and all of their related parties, including, without limitation, any and all of their past or present parents, subsidiaries, affiliates, predecessors, or successors, as well as any and all of its or their current or former officers, directors, employees,

6

associates, members of their immediate families, agents or other persons acting on their behalf, underwriters, insurers, reinsurers, attorneys, advisors, financial advisors, publicists, independent certified public accountants, auditors, accountants, assigns, creditors, administrators, heirs, estates, or legal representatives.

(q)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 34 of this Stipulation have been met and have occurred or have been waived.

(r)     "Escrow Account" means an account maintained at Huntington National Bank, which account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds therein are distributed pursuant to this Stipulation and/or further order(s) of the Court, and into which the Settlement Amount shall be deposited and held in escrow.

(s)     "Escrow Agent" means Computershare Trust Company, N.A.

(t)     "Escrow Agreement" means the agreement between Lead Counsel, the Claims Administrator, Avon and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(u)     "ERISA Action" means the action styled *In re 2014 Avon Products, Inc. ERISA Litigation*, Case No. 1:14-cv-10083 (S.D.N.Y.).

(v)     "Final," when referring to the Judgment or any other judgment or court order means:  (i) if no appeal is filed, the expiration date of the time provided for filing or noticing of any appeal under the Federal Rules of Civil Procedure, i.e., thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, the latter of (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a *writ of certiorari* or other form of review, or the denial of a *writ of certiorari* or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding

7

seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(w) "Individual Defendants" means Andrea Jung and Charles W. Cramb.

(x) "Insurers" means any and all of the Defendants' D&O insurance carriers, including, but not limited to, those D&O insurance carriers who may contribute to the payment of the Settlement Amount.

(y) "Judgment" means the final judgment and order, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement, and dismissing the Action with prejudice.

(z) "Lead Counsel" means the law firm of Motley Rice LLC.

(aa) "Lead Plaintiffs" means LBBW and SGSS.

(bb) "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action, for which Plaintiffs' Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(cc) "Named Plaintiffs" means CBRS, Met Water, and LAMPERS.

(dd) "Net Settlement Fund" means the Settlement Fund less:  (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any award to Plaintiffs made by the Court pursuant to the PSLRA for reasonable costs and expenses (including lost wages).

(ee) "Notice" means the Notice of (i) Pendency of Class Action, Certification of Class, and Proposed Settlement; (ii) Settlement Fairness Hearing; and (iii) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A, which is to be mailed to the Class Members.

(ff) "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with (i) providing

notices to the Class; and (ii) administering the Settlement, including, but not limited to, the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(gg)   "Parties" means (i) Defendants, and (ii) Plaintiffs, on behalf of themselves and the Class Members.

(hh)   "Plaintiffs" means Lead Plaintiffs and Named Plaintiffs.

(ii)   "Plaintiffs' Counsel" means Lead Counsel and all other counsel who, at the direction and under the supervision of Lead Counsel, represent Class Members in the Action.

(jj)   "Plaintiff Released Parties" means Plaintiffs and any other Class Member, and any and all of their related parties, including, without limitation, any and all of their past or present parents, subsidiaries, affiliates, predecessors, or successors, as well as any and all of their current or former officers, directors, employees, associates, members of their immediate families, agents or other persons acting on their behalf, underwriters, attorneys, advisors, financial advisors, publicists, independent certified public accountants, auditors, accountants, assigns, creditors, administrators, heirs, estates, or legal representatives.  For the avoidance of doubt, Plaintiff Released Parties do not include any Insurer.

(kk)   "Plan" means the Avon Personal Savings Account Plan.

(ll)   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund, proposed by Lead Counsel and approved by the Court, that is set forth in the Notice.

(mm)   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit C, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(nn)   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq.*, as amended.

(oo)   "Releases" means the releases set forth in ¶¶ 4-8 of this Stipulation.

(pp)    "Released Parties" means Plaintiff Released Parties and Defendant Released Parties.

(qq)    "Settled Defendants' Claims" means any and all claims, including Unknown Claims, that Defendants asserted, or could have asserted, against the Plaintiff Released Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the Action, except for claims relating to the enforcement of the Settlement.  Notwithstanding any other provision to the contrary herein, Settled Defendants' Claims shall not include any claims by the Defendant Released Parties against any Insurer.

(rr)    "Settled Claims" means any and all manner of claims, actions, causes of actions, potential actions, suits, controversies, costs, damages, losses, obligations, liabilities, judgments, and demands whatsoever, known or unknown, suspected or unsuspected, accrued or unaccrued, whether class, individual, or otherwise, arising under the laws, regulations, or common law of the United States of America, any state or political subdivision thereof, or any foreign country or jurisdiction, in law, in contract, or in equity, and regardless of legal theory, and including claims for indemnification, contribution, or otherwise denominated, that Plaintiffs or any other member of the Class asserted in any action or could have asserted, in any forum, that arise out of or are based upon, in whole or in part, directly or indirectly, any allegations, transactions, facts, matters, occurrences, representations, actions, omissions, failures to act, statements, or disclosures involved, set forth, or referred to in any complaint filed in the Action or that relate to the purchase, sale, or holding of Avon common stock during the Class Period.  Notwithstanding the foregoing, excluded from the releases will be:  (1) claims to enforce the Settlement; (2) derivative claims, solely to the extent that such derivative claims are sought to be asserted on behalf of Avon, in the actions styled *Pritika* v. *Jung et al.*, Index No. 651479/2015 (Sup. Ct. N.Y. Cnty.), *Parker* v. *Cornwell et al.*, Index No. 600570/2010 (Sup. Ct. N.Y. Cnty.), and *Schwartz* v. *Jung et al.*, Index. No. 651304/2010) (Sup. Ct. N.Y. Cnty.); provided, however, that individual claims of derivative plaintiffs as Class Members will not be excluded from the Releases (Defendants represent that, to the best of their knowledge, the actions expressly referenced

above are the only derivative actions currently pending against former and/or current officers and directors of Avon relating to Avon); and (3) claims arising solely under the Employee Retirement Income Security Act of 1974 ("ERISA") that are asserted by participants in the Plan in the ERISA Action; provided, however, that (i) claims with respect to purchases, acquisitions, sales or holdings of Avon common stock on the part of the Plan are not excluded from the releases; (ii) the Plan shall participate as a member of the Class in this Action and receive a recovery on any claim it may submit on the same basis as any other member of the Class; and (iii) nothing in the settlement agreement or any order or judgment approving it shall be deemed a waiver by the defendants in the ERISA Action of any right to maintain that any recovery by the Plan pursuant to this settlement shall offset any claim or recovery by any member of the plaintiff class in the ERISA Action (Defendants represent that, to the best of their knowledge, the ERISA Action is the only ERISA class action asserting claims with respect to alleged breach of fiduciary duties in connection with the purchase or holding of Avon common stock currently pending against the Company).

(ss)    "Settlement" means this Stipulation of Settlement and the settlement contained herein.

(tt)    "Settlement Amount" means Sixty-Two Million Dollars ($62,000,000) in cash paid or to be paid into the Escrow Account by Avon (to the extent of any remaining retention left under Avon's applicable D&O policies) and the Insurers who are contributing to the Settlement.

(uu)    "Settlement Fund" means the Settlement Amount plus accrued interest.

(vv)    "Stipulation" means this Stipulation of Settlement.

(ww)    "Summary Notice" means the Summary Notice, substantially in the form attached hereto as Exhibit E, to be published as set forth in the Preliminary Approval Order.

(xx)    "Supplemental Agreement" means the Supplemental Agreement as defined in ¶ 38 below.

(yy)   "Taxes" means (i) all federal, state, local and/or foreign taxes of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) arising with respect to the Settlement Fund (including any taxes for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1, if any); and (ii) the reasonable expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, reasonable expenses of tax attorneys and accountants).

(zz)   "Unknown Claims" means (i) any and all Settled Claims which any Plaintiff or any other Class Member, or each of their agents or attorneys, or their current or former officers, directors or employees, does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and (ii) any Settled Defendants' Claims which any Defendant or each of their agents or attorneys, or their current or former officers, directors or employees, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which in the case of both (i) and (ii) if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including, without limitation, his, her or its decision not to object to this Settlement, or not to exclude himself, herself or itself from the Class. With respect to any and all Settled Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Class Members and each of the other Released Parties shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of

common law or foreign law, which is similar, comparable, or equivalent to California Civil Code

§ 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and Class Members acknowledge, and shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Settlement, but that it is their intention to release and settle fully, finally, and forever any and all of the Settled Claims, subject to the terms and conditions provided herein, and in furtherance of such intention, the Releases shall be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.  Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## II.  STIPULATION OF CLASS CERTIFICATION

2.      Solely for the purposes of this Settlement, the Parties stipulate to the certification of a Class (as defined in ¶ 1(h)), pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.  The certification of the Class shall be binding only with respect to the Settlement of the Action and only if the Judgment contemplated by this Stipulation becomes Final and the Effective Date occurs.

## III.  PRELIMINARY APPROVAL OF SETTLEMENT

3.      Promptly upon execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement, certification of the Class for settlement purposes only (in accordance with ¶ 1(h)), and the scheduling of a hearing for consideration of final approval of the Settlement.  Concurrently with the motion for preliminary Court approval, Plaintiffs shall apply to the

Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit C.

## IV.   RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of the full and final disposition of the Action as against Defendants and shall fully, finally and forever compromise, settle, release, resolve, relinquish, waive, discharge and dismiss with prejudice, the Action and any and all Settled Claims against each and all of the Defendant Released Parties upon the occurrence of the Effective Date.

5.      Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Class Members (whether or not such person submitted a Claim Form), on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, affiliates, agents, attorneys, representatives, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Settled Claim (including, without limitation, any Unknown Claims) against any and all of the Defendants and any and all of the other Defendant Released Parties, and shall forever be barred and enjoined from prosecuting any and all of the Settled Claims against any and all of the Defendant Released Parties.

6.      Plaintiffs covenant, on their own behalf and on behalf of the Class, not to sue any Defendant Released Party on the basis of any of the Settled Claims or to assist any person in commencing or maintaining any suit relating to any Settled Claim.  This covenant does not include claims to enforce the Settlement.

7.      Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, affiliates, agents, attorneys, representatives, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the

Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Settled Defendants' Claim (including, without limitation, any Unknown Claims) against Plaintiffs and the other Plaintiff Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Settled Defendants' Claim against any and all of the Plaintiff Released Parties.  This Release shall not apply to any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

8.      The terms of 15 U.S.C. § 78u-4(f)(7) shall apply to this Settlement, including that each Defendant shall be discharged from all claims for contribution brought by other persons, and the Judgment shall so provide.  The Judgment shall include a bar order constituting the final discharge of all obligations to any member of the Class of each of the Defendants arising out of the Action and shall bar all future claims for contribution arising out of the Action by any person against any Defendant.

9.      Notwithstanding ¶¶ 4-8 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

### V.  THE SETTLEMENT CONSIDERATION

10.     In consideration of the settlement of the Settled Claims against Defendants and the other Defendant Released Parties, the Settlement Amount shall be paid by Avon (to the extent of any remaining retention left under Avon's applicable D&O policies) and the Insurers who are contributing to the Settlement into the Escrow Account no later than fifteen (15) business days after the later of (i) date of entry by the Court of an order preliminarily approving this Settlement; or (ii) receipt from Plaintiffs' Counsel of all information necessary to accomplish payment of the Settlement Amount via check or wire transfer, including information as to payee, mailing address, bank account number, name of bank, and bank address, a Sort Code or ABA Routing Number, the currency of the account receiving the funds, wire transfer instructions, the Tax Identification Number (TIN), and a copy of the W-9 for the Escrow Account.  The Settle-

ment Amount shall cover the entirety of Defendants' monetary obligation in connection with the resolution of the Action pursuant to this Stipulation.

## VI.   USE OF SETTLEMENT FUND

11.     The Settlement Fund shall be used to pay:  (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the court, and (e) any award to Plaintiffs made by the Court pursuant to the PSLRA for reasonable costs and expenses (including lost wages).  Defendants and their Insurers shall have no responsibility for the costs and/or expenses referenced in items (a) through (e) of this ¶ 11.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 21-32 below.

12.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances of less than $250,000.00 may be deposited in any account that is fully insured by the FDIC.  Notwithstanding the foregoing, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in an account that is fully insured by the FDIC.

13.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in

16

Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendant Released Parties shall not have any liability or responsibility for any such Taxes.  Upon written request, Avon will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

14.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Defendant Released Parties shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

15.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendant Released Party, Insurer or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof, irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

16.     The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Except as otherwise expressly provided herein, the Defendant Released Parties shall have no responsibility whatsoever for the administration

of the Settlement, and shall have no liability whatsoever to any person, including, but not limited to, the Class Members, in connection with any such administration.  Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Class at the address of each such Person who may be identified through reasonable effort.  To the extent reasonably necessary, Avon shall provide or cause to be provided to the Claims Administrator shareholder lists necessary for, and other information Avon may have that may assist in, locating, contacting and providing notice to the Class.  Lead Counsel will cause to be published the Summary Notice pursuant to the terms of the Preliminary Approval Order or in whatever other form or manner might be ordered by the Court.

17.     Following entry of the Preliminary Approval Order, Lead Counsel may pay from the Escrow Account, without further approval from the Defendants or the Insurers or further order of the Court, all Notice and Administration Costs actually and reasonably incurred, up to an aggregate amount of five hundred thousand dollars ($500,000).  Such costs and expenses shall include, without limitation, the actual costs of publication, printing, and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation (including the Supplemental Agreement), all Notice and Administration Costs actually paid or incurred, including any related fees, will not be returned or repaid to the Defendants or the Insurers or any person or entity who or which paid any portion of the Settlement Amount.

## VII.   ATTORNEYS' FEES AND LITIGATION EXPENSES

18.     Lead Counsel will apply to the Court for an award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses.  No Defendant or Insurer shall have responsi-

bility for payment of attorneys' fees, Litigation Expenses and/or any award to Plaintiffs for their reasonable costs and expenses (including lost wages) pursuant to the PSLRA.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation. Defendants agree not to take a position on any such application for an award of attorneys' fees and/or Litigation Expenses.  Lead Counsel also may move the Court for an award to Plaintiffs for their reasonable costs and expenses (including lost wages) pursuant to the PSLRA.  Defendants agree not to take a position on any such request.

19.     Any attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel by the Court, as well as any award of reasonable costs and expenses to be made to Plaintiffs, shall be paid to Lead Counsel from the Settlement Fund promptly upon entry of both the Judgment approving the Settlement and the order providing for such award(s), notwithstanding the existence of, or potential for, an appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Plaintiffs' Counsel's joint and several obligation to make appropriate refunds or repayments to the Settlement Fund or (if the Settlement is vacated or modified) to Avon and the Insurers (in proportion to the amount contributed by each), plus interest earned thereon if, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, an award of attorneys' fees, Litigation Expenses, or reasonable costs or expenses to Plaintiffs is reduced or disapproved or the Judgment approving the Settlement is vacated or modified.  Lead Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) days after (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees, Litigation Expenses, or reasonable costs or expenses to Plaintiffs has become Final.  An award of attorneys' fees, Litigation Expenses, or reasonable costs or expenses to Plaintiffs is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  The fairness and reasonableness of the Settlement will be determined without regard to the payment of such awards, and no objection, motion, or appeal with respect to such awards shall affect the finality of the Judg-

ment approving the Settlement or any Release related hereto.  Neither Plaintiffs nor Plaintiffs' Counsel may cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to an award of attorneys' fees, Litigation Expenses, or reasonable costs or expenses to Plaintiffs.

20.     Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe represents the contributions of such counsel to the institution, prosecution and settlement of the Action.  Defendant Released Parties shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.

## VIII.  CLAIMS ADMINISTRATOR

21.     The Claims Administrator shall administer the process of receiving, reviewing and approving or denying Claims subject to the jurisdiction of the Court.  None of the Defendants, or any other Defendant Released Parties, shall have any responsibility whatsoever for the administration of the Settlement or the claims process and shall have no liability whatsoever to any Person, including, but not limited to, Plaintiffs, any other Class Members or Plaintiffs' Counsel, in connection with such administration.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

22.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss (as defined in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A, or in such other plan of allocation as the Court approves) compared to the total Recognized Losses of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A, or in such other plan of allocation as the Court approves).

23.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or this Stipulation that

any particular plan of allocation be approved by the Court.  Plaintiffs and Plaintiffs' Counsel may not cancel or terminate the Settlement (or the Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action.  No Defendant, or any other Defendant Released Party, shall have any involvement in or responsibility or liability whatsoever for the Plan of Allocation or the allocation of the Net Settlement Fund.

24.     Any Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation, including the terms of the Judgment to be entered in the Action and the Releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendant Released Parties with respect to the Settled Claims in the event that the Effective Date occurs with respect to the Settlement.

25.     Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, or any other Defendant Released Party, shall have any liability, obligation or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.  No Defendant, or any other Defendant Released Party, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Class Member. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal, *de minimis*, or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

26.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit D, supported by such documents as are designated

21

therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless such Class Member's Claim Form is accepted by Order of the Court or at the discretion of Lead Counsel), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendant Released Party concerning any Settled Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the

22

Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

      (e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

27.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

28.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account, and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Class Members. All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the Releases provided for therein, and will

be permanently barred and enjoined from bringing any action against any and all Defendant Released Parties concerning any and all of the Settled Claims.

30.    No Person shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Defendant Released Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or any order of the Court.  Lead Plaintiffs and Defendants, and their respective counsel, and all other Defendant Released Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

31.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of this Court.  All Class Members expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

32.    To the extent that any monies remain in the Net Settlement Fund after the Claims Administrator has caused distributions to be made to all Authorized Claimants whether by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, any balance remaining in the Net Settlement Fund four (4) months after the initial distribution of such funds shall, if feasible and economical, be reallocated among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Any balance that still remains in the Net Settlement Fund, after payment of Notice and Administration Expenses, Taxes, attorneys' fees and Litigation Expenses, if any, and any award to Plaintiffs made pursuant to the PSLRA for reason-

able costs and expenses (including lost wages), shall be contributed to a non-profit to be mutually agreed upon by Lead Counsel and counsel for Avon.

## IX.   TERMS OF THE JUDGMENT

33.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B, approving the Settlement and dismissing the Action with prejudice.

## X.   CONDITIONS OF SETTLEMENT; EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

34.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     The Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit C attached hereto, as required by ¶ 3 above;

(b)     The Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 10 above;

(c)     Defendants have not exercised any option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 38 below);

(d)     Plaintiffs have not exercised any option to terminate the Settlement pursuant to the provisions of this Stipulation;

(e)     The Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final;

35.     Upon the occurrence of all of the events referenced in ¶ 34 above, any and all remaining interest or right of the Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

36.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate this Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be cancelled and terminated;

(b)     Plaintiffs and Defendants shall revert to their respective positions in the Action as of May 21, 2015;

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 36 and ¶ 39 below, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 19 above), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs, and less any Taxes paid or due or owing, shall be refunded by the Escrow Agent to Avon and the Insurers (in proportion to the amount contributed by each).  In the event that any funds received by any of Plaintiffs' Counsel or Plaintiffs have not been refunded or repaid (as provided for by ¶ 19 hereto) within the five (5) business days specified in the first sentence of this paragraph, and are thereafter refunded or repaid to the Escrow Account, those funds shall be refunded or repaid by the Escrow Agent to Avon and the Insurers (in proportion to the amount contributed by each) immediately upon any deposit of such funds into the Escrow Account.

37.     It is further stipulated and agreed that Plaintiffs, provided they unanimously agree, and Defendants shall each have the right to terminate the Settlement and this Stipulation,

by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of:  (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve the Settlement or any material part thereof; (c) the Court's declining to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court, in which event the provisions of ¶ 36 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment and shall not be grounds for termination of the Settlement.

38.     If a portion of the Class, equal to or greater than the portion specified in the separate supplemental agreement between Plaintiffs and Defendants (the "Supplemental Agreement") delivers timely and valid requests for exclusion from the Class, then Avon shall have the option to terminate the Settlement and this Stipulation pursuant to the terms set forth in the Supplemental Agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than to the extent of the general statements made herein and (if necessary) general statements to this same effect in the Notice, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiffs and Defendants concerning its interpretation or application.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, Plaintiffs and Defendants will undertake to have the Supplemental Agreement submitted to the Court *in camera*.

## XI.  NO ADMISSION OF WRONGDOING

39.     Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any

of the Defendants, or any other of the Defendant Released Parties, with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.  Neither the Term Sheet, this Stipulation (whether or not the Settlement is consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)      shall be offered against any of the Defendants or Defendant Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Released Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Released Parties or in any way referred to for any other reason as against any of the Defendant Released Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)      shall be offered against any of the Plaintiff Released Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff Released Parties that any of their claims are without merit, that any of the Defendant Released Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff Released Parties, in any civil, criminal or administrative action or proceeding,

other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)   shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

provided, however, that if this Stipulation is approved by the Court, the Parties and the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; and provided further that nothing herein shall limit the materials or evidence that may be offered or referred to by Defendant Released Parties in disputes, actions, or proceedings arising between any Defendant Released Party and any Insurer.

## XII.  MISCELLANEOUS PROVISIONS

40.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

41.    Defendants' agreement to the terms set forth herein is conditioned upon (i) the written agreement of the Insurers who are contributing to the Settlement to pay the amounts required of each of them, and (ii) the consent of the Insurers, and Defendants' agreement hereto shall not become effective until such agreements and consents have been received.

42.    Defendants' agreement to the terms set forth herein is conditioned upon the approval of Avon's Board of Directors ("Avon's Board").  Defendants' agreement hereto shall not become effective until such approval occurs.

43.    Avon warrants and represents as to itself that it is not insolvent within the meaning of 11 U.S.C. § 101(32) as of the time this Stipulation is executed and as of the time any payments by it are actually transferred or made as provided for in this Stipulation.

44.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment entered in favor of Defendants and the other Released Parties pursuant to this Stipulation, in which event the Releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 36 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 36.

45.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Class Members against any and all of the Defendant Released Parties with respect to any and all of the Settled Claims.  Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  Plaintiffs, Defendants, and his, her, its or their counsel shall not make any applications for sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure or other court rule or statute, with respect to any claims or defenses in the Action.  While retaining their right to deny liability, Defendants agree that, based upon the publicly available information at the time, this Action was filed and prosecuted in good faith and with an adequate basis in fact, was not frivolous, and is being settled voluntarily by Defendants after consultation with competent legal counsel.  Plaintiffs agree that, based upon publicly available information at the

time, positions taken in this action by Defendants were taken in good faith and with an adequate basis in fact, and were not frivolous.

46.   The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Hon. Layn Phillips (Ret.), and reflect a settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

47.   Defendants shall determine the form of notice to be provided for the purpose of satisfying the requirements of the Class Action Fairness Act ("CAFA Notice") and the identity of those who will receive the CAFA Notice.  Defendants shall be responsible for mailing the CAFA Notices and for all costs and expenses related thereto.

48.   The Parties agree there will be no public announcements regarding the settlement until Avon has announced or disclosed it.  Once disclosure has been made by Avon, the Parties agree that any public comments from the Parties regarding this resolution, other than Avon's disclosures and any other disclosures required by law, will not substantially deviate from words to the effect that the Parties have reached a mutually acceptable resolution by way of a mediated settlement and both sides are satisfied with this resolution.

49.   The Parties agree to take no action in connection with the Settlement that is intended to, or that would reasonably be expected to, harm the reputation of any other Party (including a Party's officers, directors, employees, associates, agents, or attorneys), or that would reasonably be expected to lead to unfavorable publicity for any other Party.

50.   The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

51.   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

52.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of:  (a) entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and/or awards to Plaintiffs made pursuant to the PSLRA for reasonable costs and expenses (including lost wages); and (b) enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

53.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

54.     This Stipulation and its exhibits and the Supplemental Agreement and Escrow Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by and between any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

55.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

56.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

57.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

58.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

59.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

60.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

61.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

62.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

|  |  |
|---|---|
| If to Lead Plaintiffs or Lead Counsel: | MOTLEY RICE LLC<br>Attn:  Gregg S. Levin, Esq.<br>      William S. Norton, Esq.<br>28 Bridgeside Boulevard<br>Mount Pleasant, SC  29464<br>Telephone: (843) 216-9000<br>Facsimile:  (843) 216-9450<br>Email:      GLevin@motleyrice.com<br>      BNorton@motleyrice.com |
|  | MOTLEY RICE LLC<br>Attn:  William H. Narwold, Esq.<br>One Corporate Center<br>20 Church Street, 17th Floor<br>Hartford, CT  06103<br>Telephone: (860) 882-1681 |

Facsimile:   (860) 882-1682
Email:          BNarwold@motleyrice.com

If to Defendants:                    WACHTELL, LIPTON, ROSEN & KATZ
                                               Attn:  Peter C. Hein, Esq.
                                               51 West 52nd Street
                                               New York, NY  10019
                                               Telephone: (212) 403-1000
                                               Facsimile:   (212) 403-2000
                                               Email:          PCHein@wlrk.com

                                               WACHTELL, LIPTON, ROSEN & KATZ
                                               Attn:  Courtney L. Shike, Esq.
                                               51 West 52nd Street
                                               New York, NY  10019
                                               Telephone: (212) 403-1000
                                               Facsimile:   (212) 403-2000
                                               Email:          CLShike@wlrk.com

                                               KELLOGG, HUBER, HANSEN, TODD, EVANS
                                                    & FIGEL, P.L.L.C.
                                               Attn:  Reid M. Figel, Esq.
                                               1615 M Street, N.W., Suite 400
                                               Washington, DC  20036
                                               Telephone: (202) 326-7900
                                               Facsimile:   (202) 326-7999
                                               Email:          RFigel@khhte.com

                                               KELLOGG, HUBER, HANSEN, TODD, EVANS
                                                    & FIGEL, P.L.L.C.
                                               Attn:  Jessica C. Collins, Esq.
                                               1615 M Street, N.W., Suite 400
                                               Washington, DC  20036
                                               Telephone: (202) 326-7900
                                               Facsimile:   (202) 326-7999
                                               Email:          JCollins@khhte.com

                                         With a copy to:

                                               AVON PRODUCTS, INC.
                                               Attn:  Karen Abravanel, Esq.
                                               777 Third Avenue
                                               New York, NY  10017
                                               Telephone: (212) 282-7419
                                               Facsimile:   (212) 863-9019
                                               Email:          Karen.Abravanel@avon.com

63.     Except as otherwise provided herein, each Party shall bear its own costs.

64.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential; provided, however, that this ¶ 64 (i) shall not prevent Avon from making disclosures to insurers, auditors, attorneys, officers, directors, or associates, or to others as may be required by law, and (ii) shall not limit the materials or evidence that may be offered or referred to by Defendant Released Parties in disputes, actions, or proceedings arising between any Defendant Released Party and any Insurer.

65.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

66.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of the 22nd day of July, 2015.

DATED:  July 22, 2015　　　　　　**MOTLEY RICE LLC**

By: _____

William S. Norton
28 Bridgeside Boulevard
Mount Pleasant, SC  29464
Telephone:  (843) 216-9000
Facsimile:   (843) 216-9450

*Lead Counsel and Counsel for Lead Plaintiffs LBBW Asset Management Investmentgesell-schaft mbH and SGSS Deutschland Kapitalan-lagegesellschaft mbH*

**WOLF POPPER LLP**

By: _____

Lester L. Levy
845 Third Avenue
New York, NY  10022
Telephone:  (212) 759-4600
Facsimile:   (212) 486-2093

*Counsel for Named Plaintiff Metropolitan Water Reclamation District Retirement Fund*

36

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of the 22nd day of July, 2015.

DATED:  July 22, 2015                         **MOTLEY RICE LLC**


By: _____

      William S. Norton
      28 Bridgeside Boulevard
      Mount Pleasant, SC  29464
      Telephone:  (843) 216-9000
      Facsimile:  (843) 216-9450

      *Lead Counsel and Counsel for Lead Plaintiffs*
      *LBBW Asset Management Investmentgesell-*
      *schaft mbH and SGSS Deutschland Kapitalan-*
      *lagegesellschaft mbH*


**WOLF POPPER LLP**


By: _____

      Lester L. Levy
      845 Third Avenue
      New York, NY  10022
      Telephone:  (212) 759-4600
      Facsimile:  (212) 486-2093

      *Counsel for Named Plaintiff Metropolitan Wa-*
      *ter Reclamation District Retirement Fund*

BERMAN DEVALERIO

By: _____
Bryan A. Wood
One Liberty Square
Boston, MA  02109
Telephone:   (617) 542-8300
Facsimile:   (617) 542-1194

*Counsel for Named Plaintiffs City of Brockton
Retirement System and the Louisiana Munici-
pal Police Employees' Retirement System*

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of the 22nd day of July, 2015.

DATED:   July 22, 2015              **WACHTELL, LIPTON, ROSEN & KATZ**

By:

Peter C. Hein
51 West 52nd Street
New York, NY  10019
Telephone:   (212) 403-1000
Facsimile:    (212) 403-2000

*Counsel for Defendants Avon Products, Inc.
and Andrea Jung*


**KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL, P.L.L.C.**

By: _____

Reid M. Figel
1615 M Street, N.W., Suite 400
Washington, DC  20036
Telephone:   (202) 326-7900
Facsimile:    (202) 326-7999

*Counsel for Defendant Charles W. Cramb*

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of the 22nd day of July, 2015.

DATED:   July 22, 2015

**WACHTELL, LIPTON, ROSEN & KATZ**


By: _____

Peter C. Hein
51 West 52nd Street
New York, NY  10019
Telephone:  (212) 403-1000
Facsimile:   (212) 403-2000

*Counsel for Defendants Avon Products, Inc.
and Andrea Jung*


**KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL, P.L.L.C.**

By: _____

Reid M. Figel
1615 M Street, N.W., Suite 400
Washington, DC  20036
Telephone:  (202) 326-7900
Facsimile:   (202) 326-7999

*Counsel for Defendant Charles W. Cramb*

38